FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 02 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Eric Jason Caffey                           Plaintiff

v.              4:17-cv-366-KGB

Law Office of Stephen P. Lamb
Stephen P. Lamb
Mac Golden                              Defendants

This case assigned to District Judge **Baker**
and to Magistrate Judge **Deere**

**Complaint**

1. Defendants attempted to collect from Plaintiff Eric Jason Caffey a charged off credit card debt that he did not owe.

**Jurisdiction**

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1367, and under 15 U.S.C. § 1692k(d).

3. This action arises out of violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, *et seq.*, and the common law by Defendants Law Office of Stephen P. Lamb, Stephen P. Lamb, and Mac Golden.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

5. Defendants have transacted business within Arkansas by attempting to collect this debt from Eric Jason Caffey using litigation, while he was located within and permanently residing in Arkansas.

## Parties

6. Plaintiff Eric Jason Caffey is a natural person who currently and permanently resides at all times relevant herein in Little Rock, Pulaski County, Arkansas, and is a "consumer" as that term in defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).[1]

7. Defendant Law Office of Stephen P. Lamb (Law Office) is a law firm operating from 85 Pineview, Beebe, Arkansas 72012. The Law Office is a law firm that primarily collects defaulted consumer debt. The Law Office is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). Upon information and belief, the Law Office is not an organized business entity (i.e., professional association partnership, professional limited liability company, or partnership) under any state law and does not maintain a registered agent for service of process.

8. Defendant Stephen P. Lamb (Stephen Lamb) is an attorney licensed to practice in Arkansas and practices law with, for, and at the Law Office. Stephen Lamb is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

9. Defendant Mac Golden is an individual is an attorney licensed to practice in Arkansas and practices law with, for, and at the Law Office. Mac

---

[1] The definition of "consumer" in the FDCPA and the AFDCPA ("any natural person obligated or *allegedly* obligated to pay any debt"), includes individuals who are mistakenly collected against by debt collectors for another person's debt. *See Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997 (8th Cir. 2011).

2

Golden is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

## Factual Allegations

10. Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Eric Jason Caffey a financial obligation, that upon information and belief, was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely, a charged off credit card debt.

11. Capital One retained the Law Office, Stephen Lamb, and Mac Golden to collect a charged off credit card debt.

12. On or about June 20, 2016, Capital One commenced a civil action against a person named Eric Caffey by filing a debt collection complaint in the District Court of Pulaski County, Arkansas, Sherwood Division. The debt-collection complaint listed the Law Office, Stephen Lamb, and Mac Golden in the signature line and was signed by Stephen Lamb. Exhibits were attached to the debt collection complaint, including a charge off statement.

13. After the debt collection complaint was filed, Eric Jason Caffey was served with the debt collection complaint and summons at his home.

14. Eric Jason Caffey was confused why he was being sued over any credit card debt as he did not believe he was in default on any credit card.

Eric Jason Caffey confirmed that he did not owe the debt he had been sued on.

15. By serving Eric Jason Caffey at his home with a debt collection complaint and summons for a debt he did not owe, Defendants' intruded on his solitude and seclusion. Eric Jason Caffey never authorized, permitted, invited, or consented to Defendants' intrusive act. At all times, Eric Jason Caffey conducted himself in a manner consistent with his expectation of privacy. This intrusion was highly offensive to Eric Jason Caffey.

16. The summons called Eric Jason Caffey to file with the clerk of the court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure and mail the answer or motion to the Law Office. The summons stated the relief Capital One demanded was stated in the attached complaint, (i.e. a judgment in the amount of the debt). The summons also stated a failure to respond with the applicable time period might result in a default judgment.

17. Eric Jason Caffey retained counsel.

18. Eric Jason Caffey filed a motion to dismiss for insufficiency of process, insufficiency of service of process, or alternatively to quash service of process supported by his affidavit, which explained that he had never lived at the apartment listed on the debt collection complaint and exhibits and that he had lived at the home where he was served for the past five years.

19. On September 19, 2016, Capital One filed a response to the motion to dismiss, agreeing service was not proper and moved to dismiss the case.

20. On September 19, 2016, the District Court entered an order dismissing the case without prejudice.

21. Defendants' attempts to collect a debt from Eric Jason Caffey that he did not owe were false and deceptive attempts to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), and the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1), and the common law.

### *Summary*

22. Defendants' false representation that Eric Jason Caffey owed the charged off credit card debt was an unfair and deceptive attempt to collect this debt, which materially misled Eric Jason Caffey as to his rights under the FDCPA and the AFDCPA, and which affected and frustrated Eric Jason Caffey's ability to intelligently respond to Defendants' collection efforts.

23. The communications as alleged herein by these Defendants and the employees and agents of the Defendants, constitute false and deceptive collection communications made in violation of numerous and multiple

provisions of the FDCPA, the AFDPCA, including but not limited to the provisions cited herein, amongst others, and the common law.

*Respondeat Superior Liability*

24. The acts and omissions of these individuals, and the other debt collectors employed as agents by the Law Office, Stephen Lamb, and Mac Golden, respectively, who communicated with Eric Jason Caffey as more further described herein, were committed with the time and space limits of their agency relationship with their principals.

25. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Law Office, Stephen Lamb, and Mac Golden, respectively, in collecting consumer debts.

26. By committing these acts and omissions against Eric Jason Caffey, these individuals and these other debt collectors were motivated to benefit their principals.

27. The Law Office, Stephen Lamb, and Mac Golden, are therefore liable to Eric Jason Caffey.

**Standing**

28. Eric Jason Caffey has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and his injury in fact is likely to be redressed by a favorable judicial decision

in this Court. Eric Jason Caffey's injury in fact is both particular and concrete because he suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Many provisions of the FDCPA, the AFDCPA, and the common law, recognize a consumer's rights to privacy and to seek redress for violations of those rights, including the right to be left alone from debt collection efforts for debts not owed.

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. 1692, et seq.*

29. Eric Jason Caffey incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

30. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Eric Jason Caffey.

31. As a result of Defendants' violations of the FDCPA, Eric Jason Caffey is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### *Count II – Violations of the AFDPCA, Ark. Code Ann. § 17-24-501, et seq.*

32. Eric Jason Caffey incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

33. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the AFDCPA including, but not limited to, Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1), with respect to Eric Jason Caffey.

34. As a result of Defendants' violations of the AFDCPA, Eric Jason Caffey is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

### *Count III – Invasion of Privacy by Intrusion upon Seclusion*

35. Eric Jason Caffey incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

36. Eric Jason Caffey sustained damages.

37. Defendants intentionally intruded physically or otherwise upon Eric Jason Caffey's solitude or seclusion and believed or was substantially certain the they lacked the necessary legal authority or personal permission, invitation, or valid consent to commit the intrusive act.

38. Defendants' intrusion was of a kind that would be highly offensive to a reasonable person, as the result of conduct to which a reasonable person would strongly object.

39. Eric Jason Caffey conducted himself in a manner consistent with an actual expectation of privacy.

40. Defendants' intrusion was a proximate cause of Eric Jason Caffey's damages.

## Jury Demand

41. Eric Jason Caffey demands a trial by jury.[2]

## Prayer for Relief

42. Plaintiff Eric Jason Caffey prays that judgment be entered against Defendants as follows:

   a. for an award of actual damages under 15 U.S.C. § 1692k(a)(1), Ark. Code Ann. § 17-24-512(a)(1), and the common law against Defendants and for Eric Jason Caffey;

   b. for an award of statutory damages of $1,000.00 under to 15 U.S.C. § 1692k(a)(2)(A), and Ark. Code Ann. § 17-24-512(a)(2)(A), against Defendants and for Eric Jason Caffey;

   c. for an award of costs of litigation and a reasonable attorneys' fees under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A) against all Defendants; and

   d. for such other and further relief as may be just and proper.

Respectfully submitted,

By: _____

---

[2] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Corey D. McGaha  
Ark. Bar No. 2003047  
William T. Crowder  
Ark. Bar. No. 2003138  
CROWDER MCGAHA, LLP  
5507 Ranch Drive, Suite 202  
Little Rock, AR 72223  
Phone: (501) 205-4026  
Fax: (501) 367-8208  
<u>cmcgaha@crowdermcgaha.com</u>  
<u>wcrowder@crowdermcgaha.com</u>

# Verification

State of Arkansas )
County of Pulaski )

Under 28 U.S.C. § 1746, Plaintiff Eric Jason Caffey, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.
2. I have read the foregoing Complaint prepared by my attorneys.
3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 1st day of June, 2017

_____
Eric Jason Caffey